Curia, per
Butler, J.
There is a material difference between proving a deed as a part of a chain of title, and introducing a paper as color of title to show the extent of a party’s possession. In the first case, it must not -only be proved to have been in existence before the party acquires rights under it, but when it purports to be less than thirty years old, its existence must be strictly proved. The deed from Kiligore to defendant does not purport to be 30 years old; and its execution was not otherwise sufficiently proved; and if it had been offered as a part of defendant’s chain of title, he not having had sufficient possession to give him title to any part of the land, it was not legally proved. To admit a deed in evidence as an ancient deed, continuous possession under it for 30 years is not always necessary. The primary object is to show that the deed has had an existence for 30 years. To do this, possession under it for the whole length of time is the best evidence; but a possession of a shorter period of time might suffice, if there has been no. inconsistent possession to conflict with it. A deed being found in an office, recorded, may be sufficient evidence, sometimes : and at all times such testimony may be received to show the antiquity of a paper. These principles are discussed and explained in the case of Robertson vs. Craig and wife, 1 Hill, 389. Chancellor Harper does not .lay down the law in that case, as contended, that there must be a continuous possession under a deed for 30 years, to admit it in evidence as an ancient deed. Upon an examination of his opinion, he rather comes to a different conclusion. But that which purports to be a deed from Kiligore to defendant was properly admitted by the presiding judge, as a paper to show the extent of defendant’s possession : and the only question was, was that deed in existence before the ‘defendant went into possession of his land 1 For it is admitted that it covers the land, and it was clearly proved that defendant’s possession was more than 10 years. I think it quite clear that the deed was in existence at the time defendant took possession, and it seems equally clear that he took possession and held under it; at least, this is a fact which has been established by the verdict of the jury. But on another ground there was color of title. The defendant had indicated for more than 10 years the extent of his *499 possession by putting up stakes. The boundary thus indicated was made known to Mrs. Cook, who was interested to .deny it, and she acquiesced in it.
Clinton and Hanna, for the motion,
Graham, contra.
The motion for a new trial is refused.
Evans, Earle, Gantt and Kichardson, JJ. concurred.